**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| RACHEL YOUNGER, Individually and as Administrator of the Estate of NATHANIEL YOUNGER, <br><br> Plaintiff, <br><br> v. <br><br> ZURICH AMERICAN INSURANCE COMPANY, ZURICH LIFE INSURANCE COMPANY and UBS FINANCIAL SERVICES, INC. <br><br> Defendants. | Civil Action No.: 11-civ-1173 (TPG) |

---

**MEMORANDUM OF LAW IN SUPPORT OF ZURICH AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS**

---

White and Williams LLP
One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119
Phone: 212-244-9500
*Attorneys for defendant Zurich American Insurance Company*

*On the brief*
Andrew I. Hamelsky, Esq.
Rafael Vergara, Esq.

7537743v.1

# TABLE OF CONTENTS

**TABLE OF CONTENTS**……………………………………………………………………….i

**TABLE OF CITATIONS**……...…………………………………………………....……...ii

**PRELIMINARY STATEMENT**……………………………………………………..…..…1

**ARGUMENT**……………………………………………………………………………....4
    I.  **THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6) BECAUSE ERISA PREEMPTS THE BREACH OF CONTRACT CLAIM FOR RELIEF**……………………………… ..…………………………….....4
   II.  **THE JURY DEMAND OUGHT TO BE STRICKEN**……………………………………………………………………..…..8
  III.  **THE COURT SHOULD STRIKE "ZURICH LIFE INSURANCE COMPANY" FROM THE CAPTION OF THIS ACTION**……………………………………..8

**CONCLUSION**……………………………………………………………………….....10

# TABLE OF CITATIONS

*Aetna Health Inc. v. Davila* 542 U.S. 200 (2004)……………………………………………5

*Borden v. Blue Cross and Blue Shield of Western NY* 418 F. Supp. 2d 266 (W.D.N.Y. 2006)..6

*Burstein v. Retirement Account Plan for Employees of Allegheny Health Educations and Research Foundation*, 334 F.3d 365 (3d Cir. 2003)…………………………………………….10

*DeFelice v. American Int'l Life Assurance Co. of NY*, 112 F.3d 61 (2d Cir. 1997)……………8

*FMC Corp. v. Holliday*, 498 U.S. 52 (1990)……………………………………………………5

*Harrison v. Metropolitan Life Ins. Co.*, 417 F. Supp. 2d……………………………………….6

*Layaou v. Xerox Corp.,* 330 F. Supp. 2d 297 (W.D.N.Y. 2004)………………………………10

*Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985)…………………………...5

*Nelson v. Nielsen Media Research Inc.*, 207 F. Supp. 2d 300 (S.D.N.Y. 2002)………………...4

*Pane v. RCA Corp.*, 868 F.2d 631 (3d Cir. 1989)……………………………………………….8

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)…………………………………..4

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987)……………………………………………..6

*Pronti v. CNA Financial Corp.*, 353 F. Supp. 2d 320 (N.D.N.Y. 2005)……………………...4,6

*Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d (3d Cir. 2001)…………………………………..6

*Reichelt v. Emhart Corp., USM Corp.*, 921 F.2d 425 (2d Cir. 1990)…………………………...6

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983)………………………………………………5

*Sullivan v. LTV Aerospace and Defense Co.*, 82 F.3d 1251……………………………………8

*Tischmann v. ITT/Sheridan Corp.,* 145 F.3d 561 (2d Cir. 1998)………………………………..8

*Turner v. CF & I Steel Corp.*, 77 F.3d 43 (3d Cir. 1985)……………………………………….8

*Weinreb v. Hospital for Joint Diseases Orthopaedic Institute*, 404 F.3d 167(2d Cir. 2005)…..10

29 U.S.C. § 1144(a)………………………………………………………………………………5

## PRELIMINARY STATEMENT

On June 23, 2008, Plaintiff's decedent Nathaniel Younger, while attending a week long UBS training seminar in Jersey City, New Jersey, died of a cocaine and alcohol overdose. At the time of his death Mr. Younger was employed by UBS. While attending the training seminar he was residing, along with other UBS employees, at the Double Tree Hotel in Jersey City, New Jersey. His death occurred after a celebration of the completion of the UBS training seminar.

Plaintiff filed a claim with defendant UBS Financial Services Inc. ("UBS") seeking benefits under a Travel Accident Insurance Plan (the "Plan"). The Plan is part of a welfare benefit plan sponsored by UBS for its employees. The Plan is funded by two (2) insurance policies issued by defendant Zurich American Insurance Company ("Zurich American"). The Zurich American policies of insurance, as part of the UBS employee welfare benefit plan, are governed by ERISA.[1]

As a result of the claim filed by Plaintiff, Zurich American investigated Mr. Younger's death and determined it was not caused by accidental means. Further, Zurich American found that Mr. Younger's death was not a covered loss under the policies as his death was caused by or contributed to or resulted from a suicide, attempted suicide or a purposeful self-inflicted wound. Lastly, Zurich determined that Plaintiff's claim was not compensable because Mr. Younger's death due to cocaine use was caused by or resulted from his participation in the commission or attempted commission of a felony. As result

---

[1]   The Employee Retirement Income Security Act of 1974.

1

of Zurich American's denial of Plaintiff's claim, this action seeking benefits under ERISA was commenced.

Plaintiff's complaint bases the subject matter jurisdiction of this Court upon an alleged "failure to pay benefits pursuant to a contract of insurance issued pursuant to" ERISA, and further asserts this "Court has jurisdiction to grant the relief requested under 29 U.S.C. Section 1132." (Complaint, ¶ 1, **Exhibit 1**.)[2]  Zurich American does not challenge that federal question subject matter jurisdiction exists under ERISA. However, the allegations in Plaintiff's complaint do not comport with ERISA and thus must be dismissed.

First, even though Plaintiff generally alleges that "[u]nder ERISA, Plaintiff is entitled to judicial review of Defendants' wrongful refusal to pay the claim," Plaintiff's claim for relief alleges "Defendants have wrongfully breached the contracts of insurance, and Plaintiff is entitled to recover benefits under the contracts of insurance." (Complaint, ¶¶ 33, 36, **Exhibit 1**.) The claim for relief nowhere alleges Plaintiff is seeking to recover benefits pursuant to 29 U.S.C. §1132(a)(1)(B). (*Id.* ¶¶ 36-38.) Zurich American asserts in this motion that the breach of contract claim, and hence the complaint, must be dismissed because it is preempted by ERISA.

Second, Plaintiff's complaint improperly makes a demand for a jury in this action for benefits under an ERISA plan. (*See* Complaint, at first page, **Exhibit 1**.) Even if Plaintiff's claim is permitted to proceed, Plaintiff is not entitled to a jury, and, therefore, the jury demand must be stricken.

---

[2]  The exhibits referenced in this memorandum are attached to the certification of Andrew I. Hamelsky, dated May 5, 2011.

Finally, Plaintiff's complaint purports to seek relief not only from Zurich American, the company that issued the insurance policies in question and administered the claim, but also from "Zurich Life Insurance Company," based on what could only be a scrivener's error in UBS's summary plan description ("SPD") in referring to the issuing carrier. The Court should strike the references to "Zurich Life Insurance Company" from the caption and complaint.

## ARGUMENT

## POINT I

### THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) BECAUSE ERISA PREEMPTS THE BREACH OF CONTRACT CLAIM FOR RELIEF

In reviewing a Fed. R. Civ. P. 12(b)(6) motion, the court must accept as true all factual allegations contained in the complaint, as well as all reasonable inferences that may be drawn from those allegations, and view them in the light most favorable to the nonmoving party.[3] In this case, the complaint explicitly contemplates ERISA, but then makes a claim solely for breach of contract. Plaintiff's breach of contract claim seeking benefits under the ERISA plan, however, is preempted by ERISA.

Paragraph 1 of the complaint, the jurisdictional statement, asserts that this Court has jurisdiction because of ERISA and that the relief requested may be granted pursuant to 29 U.S.C. § 1132. (*See* Complaint, ¶ 1, **Exhibit 1**.) The only "CLAIM FOR RELIEF," however, does not make any mention of either ERISA or 29 U.S.C. § 1132(a)(1)(B), which would potentially allow Plaintiff recovery for nonpayment of benefits under the ERISA plan. (Complaint, ¶¶ 36-38 *and ad damnum*, **Exhibit 1**.)[4]

ERISA is a comprehensive statute enacted "to promote the interests of employees

---

[3] *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Pronti v. CNA Financial Corp.*, 353 F. Supp. 2d 320, 323 (N.D.N.Y. 2005); *Nelson v. Nielsen Media Research Inc.*, 207 F. Supp. 2d 300, 302 (S.D.N.Y. 2002).

[4] For purposes of this motion, Zurich American is relying on both Second and Third Circuit law. The Policies contain a choice of law provision setting forth that New Jersey law applies. However, Zurich American believes that there are no choice of law conflicts.

and their beneficiaries in employee benefit plans"[5] and "to protect contractually defined benefits."[6] To effectuate the Congressional goal of a uniform national system of pension and welfare plans, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[7]

> The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions, see ERISA § 514, 29 U.S.C. §1144, which are intended to ensure that employee benefit plan regulation would be "exclusively a federal concern."[8]

The preemption clause "establishes as an area of exclusive federal concern the subject of every state law that 'relate[s] to' an employee benefit plan governed by ERISA."[9]

> [A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.[10]

The Supreme Court has described 29 U.S.C. § 1132(a) [ERISA § 502(a)] as an "integrated enforcement mechanism."[11] State law causes of action "based on alleged improper

---

[5] *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983).

[6] *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985); *see also* 29 U.S.C. §§ 1001, *et seq.*

[7] 29 U.S.C. § 1144(a).

[8] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).

[9] *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990) (alteration in original).

[10] *Davila*, 542 U.S. at 209.

[11] *Id.* at 208.

5

processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for preemption."[12]

There is no judicial doubt that breach of contract causes of action seeking to recover benefits are preempted.[13] Particularly, suits against insurance companies alleging breach of contract claims due to a denial of benefits under an employee welfare benefit plan are preempted. In *Pryzbowski*, the Court held that, "even when the claim is couched in terms of common law negligence or breach of contract," it is preempted.[14] In this case, Plaintiff's only substantive claim for relief states:

**CLAIM FOR RELIEF**

36. Based on the foregoing, Defendants have wrongfully breached the contracts of insurance, and Plaintiff is entitled to recover benefits under the contracts of insurance.

(*See* Complaint, ¶ 1, **Exhibit 1**.)

Clearly, Plaintiff's only claim for relief is for breach of contract damages which are specifically preempted by ERISA. Moreover, because Plaintiff's only cause of action seeks to recover benefits, the doctrine of "complete preemption" is sufficient to preempt Plaintiff's state law breach of contract claim.[15] This Court should dismiss Plaintiff's

---

[12] *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987).

[13] *See Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001); (*Reichelt v. Emhart Corp., USM Corp.*, 921 F.2d 425, 431 (2d Cir. 1990); *Pronti*, 353 F. Supp. 2d at 323-24; *Harrison v. Metropolitan Life Ins. Co.*, 417 F. Supp. 2d

[14] *Id*. at 278.
[15] *See Borden v. Blue Cross and Blue Shield of Western NY*, 418 F. Supp. 2d 266 (W.D.N.Y. 2006).

complaint because ERISA preempts all state laws that "relate to" an employee welfare benefit plan.[16]  Plaintiff's sole claim for relief, which is premised on breach of contract, falls within ERISA's preemptive scope.  (*See* Complaint, ¶¶ 36-38, **Exhibit 1**).  Here, the subject coverage and benefits are part of an employee welfare benefit plan pursuant to ERISA, and, therefore, the sole common law breach of contract claim advanced by Plaintiff in the complaint is preempted by ERISA.  If the Court does not dismiss the complaint, then, in the alternative, it should recharacterize the complaint to assert only a cause of action seeking benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) [ERISA § 502(a)(1)(B)].[17]

---

[16]    *See Pilot Life*, 481 U.S. at 47-48.

[17]    *Harrison*, 417 F. Supp. 2d at 434-35 ("At least one court in this district has explicitly addressed the issue and concluded that where a complaint characterizes a claim as a common law breach of contract, but sets forth the elements of a claim under ERISA § 502(a)(1), the court's proper course is to recharacterize the claim as a claim under ERISA § 502(a)(1)(B) rather than to dismiss the complaint under the preemption doctrine.")

7

## POINT II

### THE JURY DEMAND OUGHT TO BE STRICKEN

Plaintiff's demand for a jury trial is invalid under ERISA. Both the Second Circuit[18] and Third Circuit[19] do not recognize a right to a jury trial in cases involving a claim for benefits under ERISA. Simply, it is well established that Plaintiff's claim for benefits under the Plan is equitable in nature. Accordingly, Plaintiff's demand for a jury should be stricken in the event the entire action is not dismissed. Simply, under ERISA Plaintiff is not entitled to a trial by jury and Zurich American is therefore entitled to a bench trial.

## POINT III

### THE COURT SHOULD STRIKE "ZURICH LIFE INSURANCE COMPANY" FROM THE CAPTION OF THIS ACTION

Plaintiff brings this suit under the UBS Financial Services Inc. Travel Accident Insurance Plan. The Plan is described in general terms in a "Summary Plan Description or SPD" which is copyrighted by UBS Financial Services Inc. (*See* SPD of 1/1/09, **Exhibit 2**.) The SPD identifies the "Plan Administrator" as UBS Financial Services Inc. (*See id.* at

---

[18] *See Tischmann v. ITT/Sheridan Corp.,* 145 F.3d 561, 568 (2d Cir. 1998); *DeFelice v. American Int'l Life Assurance Co. of NY,* 112 F.3d 61, 64 (2d Cir. 1997); *Sullivan v. LTV Aerospace and Defense Co.,* 82 F.3d 1251, 1258 ("[T]here is no right to a jury trial in a suit brought to recover ERISA benefits.") (2d Cir. 1996).

[19] *See Pane v. RCA Corp.*, 868 F.2d 631, 636 (3d Cir. 1989); *Turner v. CF & I Steel Corp.*, 77 F.3d 43, 466-47 (3d Cir. 1985).

19.)  The SPD specifically references the Zurich American Policy GTU3514165 (*See id.* at 11).  The Policies, copies of which are attached (**Exhibit 3** and **Exhibit 4**), state on nearly every page that the issuing company is "Zurich American Insurance Company". The Policies are clearly counter-signed by officers of Zurich American and state that the contract situs is New Jersey.  Zurich American, as an insurer of the Policies that fund the Plan, acknowledges here that it is a proper party to the dispute involved in this action.  In the event Plaintiff prevails in this action, benefits would be paid to Plaintiff through the Policies, which were issued by Zurich American.

The SPD contains only a single reference to "Zurich Life Insurance Company" as the supposed insurer of the plan. (*See* **Exhibit 2** at 18.)  This reference to "Zurich Life Insurance Company" in UBS's SPD appears to provide the sole basis for Plaintiff's inclusion of "Zurich Life Insurance Company" in this action. The policies themselves necessarily form the basis of any right to relief, and those Policies plainly were issued by Zurich American and contain no reference to any purported "Zurich Life Insurance Company."

Within the Second Circuit, where there is an alleged deficient SPD, and the plaintiff seeks that the SPD supersede a plan document, the "plaintiff must show that 'he was *likely* to have been harmed as a result of a deficient SPD.  Where a participant makes this initial showing, however, the employer may rebut it through evidence that the deficient SPD was in effect a harmless error."[20]  In the Third Circuit, a "participant does not need to

---

[20]  *Layaou v. Xerox Corp.*, 330 F. Supp. 2d 297, 301 (W.D.N.Y. 2004); *see generally Weinreb v. Hospital for Joint Diseases Orthopaedic Institute*, 404 F.3d 167, 171 (2d Cir. 2005).

9

plead reliance or prejudice" where there is a conflict between a plan document and an SPD.[21]  Any misidentification of Zurich American in the SPD could not involve any harm to or reliance by the Plaintiff where Zurich American is itself correctly named in this suit and has appeared and accepted the jurisdiction of the Court.  Likewise, no harm could come to Plaintiff by this Court striking an erroneous party name from the caption and proceeding on the merits solely with the correctly named defendant.

---

[21]   *Burstein v. Retirement Account Plan for Employees of Allegheny Health Educations and Research Foundation*, 334 F.3d 365, 381-382 (3d Cir. 2003).

## CONCLUSION

For the foregoing reasons, Zurich American respectfully requests that this Court enter an order providing that (1) the motion is granted; and (2) the complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that the claim for relief is preempted by ERISA; or (3) in the alternative, (a) the complaint is recharacterized to assert solely a claim pursuant to 29 U.S.C. § 1132(a)(1)(B), (b) the complaint's demand for a jury is stricken, and (c) "Zurich Life Insurance Company" be stricken from the caption and complaint in this action.

Date: May 5, 2011

Respectfully submitted,

s/ Andrew I. Hamelsky
Andrew I. Hamelsky, Esq.
Rafael Vergara, Esq.
White and Williams LLP
One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119
Phone: 212-244-9500
AH e-mail: hamelskya@whiteandwilliams.com
RV e-mail: vergarar@whiteandwilliams.com
*Attorneys for defendant Zurich American Insurance Company*

7537743v.1