**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RACHEL YOUNGER, Individually and as Administrator of the Estate of NATHANIEL YOUNGER, | Civil Action No.: 11-civ-1173 (TPG) |
| Plaintiff, | |
| v. | |
| ZURICH AMERICAN INSURANCE COMPANY, ZURICH LIFE INSURANCE COMPANY and UBS FINANCIAL SERVICES, INC., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**ZURICH LIFE INSURANCE COMPANY, LTD'S MOTION TO DISMISS**

WOLLMUTH MAHER & DEUTSCH LLP
William A. Maher
Steven S. Fitzgerald
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

*Attorneys for Defendant Zurich Life*
*Insurance Company, Ltd.*

May 5, 2011

## TABLE OF CONTENTS

*Page*

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF THE CASE ...............................................................................3

    A.   Plaintiff's Allegations Regarding ZLIC and ZLIC's Foreign Status ........................3

    B.   Procedural History................................................................................4

ARGUMENT ..................................................................................................4

I.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST ZLIC ..............................4

    A.   ZLIC Is Not a Proper Party to This Lawsuit ..............................................5

II.   ZLIC IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK.................7

    A.   ZLIC Does Not Have Continuous and Systematic Contacts With New York ..........8

    B.   Plaintiff Cannot Allege That There Is Specific Jurisdiction Because ZLIC Did Not Issue the Policies and Had No Involvement with the Facts Underlying the Complaint....................................................................9

    C.   Due Process Forbids the Exercise of Jurisdiction Over ZLIC.................................9

III.  PLAINTIFF DID NOT SERVE ZLIC PROPERLY ......................................................10

CONCLUSION ................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Page*

*Aries Ventures Ltd. v. AXA Finance S.A.,*
   1990 U.S. Dist. Lexis 3482 (S.D.N.Y. Mar. 30, 1990) ...................................................11

*Ashcroft v. Iqbal,*
   29 S. Ct. 1937 (2009) .........................................................................................................4

*In re AstraZeneca Securities Litigation,*
   559 F. Supp. 2d 453 (S.D.N.Y. 2008) ................................................................................8

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................................................................4

*Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan,*
   378 F.3d 669 (7th Cir. 2004) ..............................................................................................6

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985) ..........................................................................................................10

*Caulfield v. Imagine Advisors, Inc.,*
   2007 U.S. Dist. LEXIS 95239 (S.D.N.Y. Dec. 27, 2007) ..................................................9

*Chapman v. Choicecare Long Island Term Disability Plan,*
   288 F.3d 506 (2d Cir. 2002) ...............................................................................................5

*Commercial Fin. Servs. v. Great Am. Ins. Co.,*
   381 F. Supp. 2d 291 (S.D.N.Y. 2005) ................................................................................6

*International Shoe Co. v. Washington,*
   326 U.S. 310 (1945) ......................................................................................................8, 10

*Kulko v. Superior Court of California,*
   436 U.S. 84 (1978) ............................................................................................................10

*Layaou v. Xerox Corp.,*
   330 F. Supp. 2d 297 (W.D.N.Y. 2004)...............................................................................7

*Lehigh Valley Indus. v. Birenbaum,*
   527 F.2d 87 (2d Cir. 1975) .................................................................................................8

*Leonelli v. Pennwalt Corp.*,
  887 F.2d 1195 (2d Cir. 1989) ................................................................5

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*,
  84 F.3d 560 (2d Cir. 1996) ..............................................................7, 8

*Moffat v. Unicare Health Ins. Co.*,
  352 F. Supp. 2d 873 (N.D. Ill. 2005) ..................................................6

*Pappas v. A.J. Ross Logistics, Inc.*,
  222 A.D.2d 424 (2d Dep't 1995) .......................................................11

*In re Parmalat Securities. Litigation*,
  414 F. Supp. 2d 428 (S.D.N.Y. 2006) ................................................8

*Quill Corp. v. North Dakota ex rel. Heitkamp*,
  504 U.S. 298 (1992) ............................................................................9

*Schnall v. Marine Midland Bank*,
  225 F.3d 263 (2d Cir. 2000) ...............................................................6

*Schnur v. CTC Communs. Corp. Group Disability Plan*,
  621 F. Supp. 2d 96 (S.D.N.Y. 2008) ...............................................5, 6

*Shanley v. Rorher*,
  2001 U.S. Dist. LEXIS 21179 (S.D.N.Y. Dec. 13, 2001) ...............7-8

*Vesligaj v. PMT Forklift Corp.*,
  213 A.D.2d 541 (2d Dep't 1995) .......................................................11

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
  486 U.S. 694 (1988) ..........................................................................10

## <u>Rules</u>

20 U.S.T. 361 ....................................................................................10

29 U.S.C. § 1132(a)(1)(B) ...................................................................5

ERISA § 502(a)(1)(B) ......................................................................5, 6

Federal Rule of Civil Procedure §1 ....................................................4

Federal Rule of Civil Procedure §4 ..................................................11

Federal Rule of Civil Procedure § 8 ...................................................4

Federal Rule of Civil Procedure §12 ...................................................................................... 1, 7

T.I.A.S. No. 6638 .......................................................................................................................... 10

Defendant Zurich Life Insurance Company, Ltd. ("ZLIC"), sued herein as Zurich Life Insurance Company, respectfully submits this memorandum of law, together with the accompanying Affidavit of Yvonne Lang Ketterer, sworn to on May 4, 2011 (the "Ketterer Aff."), and Declaration of William A. Maher, dated May 5, 2011 (the "Maher Decl."), in support of its motion, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5) and 12b(6), to dismiss the complaint in the above-captioned action (the "Complaint") (i) for failure to state a cause of action, (ii) for lack of personal jurisdiction over ZLIC in New York, and (iii) for failure to serve process in accordance with the Hague Convention.

## PRELIMINARY STATEMENT

The Complaint asserts only a claim for breach of contract and seeks to recover benefits under two accident insurance policies (the "Policy" or, together, the "Policies") issued by Zurich American Insurance Company ("Zurich American") in connection with an employee benefits plan (the "Plan") offered by UBS Financial Services Inc. ("UBS").  Plaintiff Rachel Younger alleges that she is entitled to benefits because her son, Nathaniel Younger, "died of 'acute cocaine and alcohol toxicity,'" while employed by UBS.  The Complaint seeks approximately $573,000, plus interest.

ZLIC, a Swiss corporation with offices in Zurich, Switzerland, did not issue or administer the Policies.[1]  ZLIC has nothing to do with the Policies or the Plan.  Moreover, ZLIC is not licensed as an insurer in New York, has no office here and does not own property here.

ZLIC has no connection to plaintiff's case whatsoever and should be dismissed from it.  Plaintiff offers only the slenderest of reeds to try to rope ZLIC into this dispute.

---

[1]     Counsel for ZLIC represents no other defendant.  All other defendants have other counsel in this matter.

Plaintiff claims that ZLIC is listed as the insurer in a summary plan document prepared by UBS of its group accident plan benefits (the "Summary Plan Description" or "SPD").  However, it is clear on the face of the Policies themselves (which are deemed incorporated into the Complaint by reference) that this statement in the Summary Plan Description is not accurate.  As is evident on the bottom of the first page of each Policy, the Policies actually were signed and issued by Zurich American (which is a U.S. company).  Zurich American concedes that it issued the Policies.  *See* Zurich American's Brief at 9 [Dkt. #15].  Obviously, this set of circumstances does not suffice to state a claim against ZLIC, which did not issue the Policies.

This Court should dismiss the Complaint against ZLIC in its entirety for three independent reasons:

First, plaintiff has not – and cannot – state a claim for breach of contract against ZLIC because ZLIC did not issue the Policies.  Plaintiff obviously cannot seek to hold ZLIC liable for any breach of a contract to which ZLIC is not a party.[2]

Second, ZLIC is a Swiss corporation and, contrary to plaintiff's conclusory allegations, lacks minimum contacts with New York and indisputably did not issue the Policies involved in this lawsuit.  Accordingly, there is no personal jurisdiction over ZLIC.

Third, plaintiff did not serve ZLIC with process in the manner prescribed by law for service upon a Swiss corporation.

For all of these reasons, this Court should dismiss the Complaint as against ZLIC.

---

[2]      As set forth *infra* p. 5 n.4, plaintiff's claim for breach of contact is preempted by ERISA.  However, even under an ERISA claim, ZLIC is not a proper party to this lawsuit.

## STATEMENT OF THE CASE

### A.   Plaintiff's Allegations Regarding ZLIC and ZLIC's Foreign Status

The Complaint asserts only a claim for breach of contract and contends that defendants, including ZLIC, "have wrongfully breached the contracts of insurance, and Plaintiff is entitled to recover benefits under the contracts of insurance."  Compl. ¶ 36.[3]  Plaintiff identifies the Policies allegedly breached by ZLIC in the Complaint.  *See* Compl. ¶¶ 12-13 (identifying policy numbers GTU 3514164 and GTU 3514165).  However, ZLIC did not issue either of these Policies.  *See* Maher Decl. Exhs. 1-2, at p. 1.  Indeed, it is plain from the bottom of the first page of each Policy that they were signed and issued by Zurich American (a U.S. company), not ZLIC (a Swiss company).  *Id.*  at 1.  Zurich American concedes that it issued the Policies.  *See* Zurich American's Brief at 9 [Dkt. #15].

ZLIC is a Swiss company that has its registered offices at Ausstrasse 46, 8045 Zurich, Switzerland.  Ketterer Aff. ¶ 3.  ZLIC has no office in New York.  *Id.* ¶ 7.  Plaintiff alleges that ZLIC is identified as an insurer of the Policies in a Summary Plan Description prepared by UBS.  Compl. ¶ 16.  However, as is clear from the bottom of the first page of each Policy (which are deemed incorporated into the Complaint by reference), the Summary Plan Description is not accurate.  Zurich American is the insurer under the Policies, not ZLIC.

Apart from the above allegations, plaintiff alleges nothing with regard to ZLIC. She claims no contact with ZLIC.  She does not allege ZLIC did, or failed to do, anything with regard to her claim.  She does not allege that she dealt with any agent of ZLIC.

---

[3]      Plaintiff's purported basis for subject matter jurisdiction is the Employee Retirement Income Security Act of 1974.  Compl. ¶ 1.

B.      **Procedural History**

On or about March 1, 2011, plaintiff attempted to serve a Summons and Complaint upon ZLIC by delivering a copy to the offices of Zurich American in Manhattan. Ketterer Aff. ¶ 12.  Zurich American received a copy of the Summons and Complaint at its company address of 1 Liberty Plaza, New York, NY  10006.  Maher Decl. Ex. 3.

On April 25, 2011, this Court "So Ordered" the parties' stipulation extending defendants' time to respond to the Complaint.  ZLIC expressly reserved its right to move to dismiss based upon lack of personal jurisdiction and insufficiency of service of process.

**ARGUMENT**

I.      **THE COMPLAINT FAILS TO STATE A CLAIM AGAINST ZLIC**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief'" *Id.*  "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions ... only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  Importantly, "[the Supreme Court's] decision in *Twombly* expounded the pleading standard 'for all civil actions.'" *Id.* at 1953 (citing Fed. Rule Civ. Proc. 1 and 8).

Under this standard, this Court should dismiss the Complaint as pleaded against ZLIC.  Plaintiff has not alleged one fact regarding anything ZLIC did or failed to do with regard

to the Policies.  In point of fact, plaintiff <u>never</u> could make such a showing because ZLIC has

nothing to do with the Policies.  Other than lumping ZLIC in with other defendants, the

Complaint is bereft of <u>any</u> allegations – conclusory or otherwise – regarding ZLIC and plaintiff.

Indeed, ZLIC is not even a party to the Policies upon which plaintiff sues.  This Court should

accordingly dismiss the Complaint as against ZLIC.

> **A.      <u>ZLIC Is Not a Proper Party to This Lawsuit</u>**

As Zurich American sets forth in Points I & II of its separate brief in support of its

motion to dismiss, also filed today, plaintiff's breach of contract claim must be dismissed, and

plaintiff's jury demand stricken, because it is preempted by ERISA.[4]  Even assuming *arguendo*

that this Court chooses to cure this defect in plaintiff's Complaint and to treat her breach of

contract claim as a claim under Section 502(a)(1)(B) of ERISA, plaintiff's claim against ZLIC

still must be dismissed because ZLIC is not a proper party with respect to such a claim.

Section 502(a)(1)(B) of ERISA creates a cause of action against a plan for

recovery due under a plan.  29 U.S.C. § 1132(a)(1)(B) ("[a] civil action may be brought - (1) by

a participant or beneficiary [] (B) to recover benefits due to him under the terms of his plan, to

enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the

terms of the plan.").  An insurer that participates in the plan is <u>not</u> a proper party to a lawsuit

under Section 502(a)(1)(B) <u>unless the insurer acts as the plan administrator</u>.  *See Chapman v.*

*Choicecare Long Island Term Disability Plan*, 288 F. 3d 506, 509-10 (2d Cir. 2002) ("'In a

recovery of benefits claim, only the plan and the administrators and trustees of the plan in their

capacity as such may be held liable'") (*quoting Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199

(2d Cir. 1989) *amended opinion available at* 2002 U.S. App. LEXIS 24460; *Schnur v. CTC*

---

[4]      ZLIC joins in Points I & II of Zurich American's brief and incorporates herein the arguments asserted by
Zurich American in Points I & II.

*Communs. Corp. Group Disability Plan*, 621 F. Supp. 2d 96, 109 (S.D.N.Y. 2008) ("an insurer

to an ERISA plan is generally not a proper defendant in a recovery of benefits claim unless it

meets the statutory definition of 'administrator' under the Act"); *see also Blickenstaff v. R.R.*

*Donnelley & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 674 (7th Cir. 2004) ("a §

502(a)(1)(B) claim for benefits, . . . generally is limited to a suit against the Plan, not an

employer . . . or the claims evaluator"); *Moffat v. Unicare Health Ins. Co.*, 352 F. Supp. 2d 873,

876 (N.D. Ill. 2005) (holding that an insurer is not a proper party).

   Here, plaintiff does <u>not</u> allege that ZLIC acted as the plan administrator.  Indeed,

plaintiff specifically alleges that <u>UBS</u> is the plan administrator.  Compl. ¶ 17.  Plaintiff alleges

only (and incorrectly, as established previously) that ZLIC is an <u>insurer</u> under the Plan.  As a

result, ZLIC is <u>not</u> a proper party to a claim under ERISA and the complaint must be dismissed

as to ZLIC.  *See Schnur*, 621 F. Supp. 2d at 109.

   Even if an insurer's mere participation in a plan would subject it to suit under

Section 502(a)(1)(B) of ERISA – and it does <u>not</u> – the Policies referenced in the Complaint

(which are deemed to be incorporated into the Complaint by reference) were <u>not</u> issued by

ZLIC.[5]  The bottom of the first page of each Policy demonstrates conclusively that Zurich

American (a U.S. company) signed and issued the policies, <u>not</u> ZLIC (a Swiss company).

Accordingly, the Court must dismiss this claim as against ZLIC in its entirety.

   That the Summary Plan Description mistakenly lists ZLIC as an insurer does not

dictate a different result.  Where there is an allegedly deficient Summary Plan Description, and

---

[5]  When reviewing a motion to dismiss under Rule 12(b)(6), the court should consider the allegations in the complaint along with  any documents incorporated by reference into the complaint.  *Schnall v. Marine Midland Bank*, 225 F.3d 263, 266 (2d Cir. 2000).  In a dispute involving insurance policies, the court can consider that policies referenced in the complaint.  *See, e.g., Commercial Fin. Servs. v. Great Am. Ins. Co.*, 381 F. Supp. 2d 291, 299 (S.D.N.Y. 2005).

the plaintiff contends that the Summary Plan Description supersedes another plan document, the "plaintiff must show that 'he was *likely* to have been harmed as a result of a deficient [Summary Plan Description]. Where a participant makes this initial showing, however, the employer may rebut it through evidence that the deficient [Summary Plan Description] was in effect a harmless error.'" *Layaou v. Xerox Corp.*, 330 F. Supp. 2d 297, 301 (W.D.N.Y. 2004). Since Zurich American's Policies are the only insurance policies providing insurance for the Plan, it is not likely that plaintiff was, or could be, harmed as a result of the scrivener's error in the SPD of mistakenly referring to "Zurich Life Insurance Company" when the relevant Policies were issued by Zurich American. Zurich American concedes that it issued the relevant Policies and obviously has assets vastly exceeding the amount of plaintiff's $573,000 claim.

## II.  ZLIC IS NOT SUBJECT TO PERSONAL JURISIDCTION IN NEW YORK

ZLIC also moves under Rule 12(b)(2) to dismiss the Complaint because there is no personal jurisdiction in New York over ZLIC, a Swiss corporation. Plaintiff bases her claim for personal jurisdiction upon the unsupported and erroneous assertion that all defendants "reside and may be found in the District." Compl. ¶ 2. (The Complaint does not allege that ZLIC has contacts with any United States jurisdiction other than New York.)

Plaintiff has the burden of pleading and proving a basis for personal jurisdiction over a foreign non-domiciliary defendant such as ZLIC. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) ("the plaintiff bears the burden of showing that the court has jurisdiction over the defendant"). Through the factual allegations in its complaint and any supporting affidavits, plaintiff must point to specific conduct by the non-domiciliary defendant that establishes personal jurisdiction. *See Shanley v. Rorher*, 2001 U.S. Dist. LEXIS

21179, at *2 (S.D.N.Y. Dec. 13, 2001) (*citing Lehigh Valley Indus. v. Birenbaum*, 527 F.2d 87,

92 (2d Cir. 1975)).  Conclusory allegations of alleged jurisdiction are insufficient.

   In order to establish personal jurisdiction, plaintiff must demonstrate that the

defendant has "minimum contacts" with the forum state such that the exercise of jurisdiction is

"reasonable" (*i.e.,* the exercise of jurisdiction "comports with 'traditional notions of fair play and

substantial justice'").  *Metropolitan Life Ins.*, 84 F.3d at 568 (*quoting International Shoe Co. v.

Washington*, 326 U.S. 310, 316 (1945)).  The minimum contacts prong can be satisfied by

showing that there is "specific jurisdiction" or "general jurisdiction."  *Metropolitan Life Ins.*, 84

F.3d at 568.  Specific jurisdiction exists where the plaintiff's cause of action arouse out of

defendant's contacts with the forum state.  *Id.*  Absent specific jurisdiction, a court may not

exercise jurisdiction over the defendant unless the defendant has "continuous or systematic"

contacts with the forum state.  *Id.*; *see also In re Parmalat Sec. Litig.*, 414 F. Supp. 2d 428, 441

(S.D.N.Y. 2006).

   **A. ZLIC Does Not Have Continuous and**
     <u>**Systematic Contacts With New York**</u>

   It is indisputable that ZLIC does not have "continuous and systematic" contacts

with New York.  Indeed, ZLIC is not licensed as an insurer in New York and is not authorized to

sell insurance in New York.  Ketterer Aff. ¶ 4.  ZLIC does not pay New York State taxes, does

not own or lease property in New York, does not maintain an office or establishment, telephone

number, bank account or post office box in New York.  Ketterer Aff. ¶¶ 5-7.

   Plaintiff does not – and cannot – identify a single transaction of business by ZLIC

that took place in New York.  Accordingly, ZLIC is not subject to the general jurisdiction of this

Court.  *See, e.g., In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d 453, 466-67 (S.D.N.Y. 2008) (no

personal jurisdiction where plaintiff did not allege that the defendants conducted business in the

United States); *Caulfield v. Imagine Advisors, Inc.*, 07 Civ. 1257, 2007 U.S. Dist. LEXIS 95239, at *16-17 (S.D.N.Y. Dec. 27, 2007) (failure to allege defendants transact substantial business in forum is fatal to claim for general jurisdiction).

> **B.      Plaintiff Cannot Allege That There Is Specific Jurisdiction Because ZLIC Did Not Issue the Policies and Had No Involvement with the Facts Underlying the Complaint**

This Court not only lacks general jurisdiction over ZLIC; it also does not have specific jurisdiction over ZLIC with regard to this lawsuit either.  The only allegations that ZLIC participated in any way in the activities plaintiff asserts give rise to liability under ERISA are that ZLIC issued the Policies and that ZLIC has an address in New York.  As set forth previously, these allegations are <u>not</u> accurate.  The bottom of the first page of each Policy makes clear that the Policies were issued by Zurich American, <u>not</u> ZLIC.  Moreover, as affirmed by ZLIC's CEO, ZLIC does <u>not</u> maintain an office in New York.  *See* Ketterer Aff. ¶ 7.  Any errors contained in a Summary Plan Document prepared by UBS are wholly insufficient to confer personal jurisdiction over ZLIC.  *See, e.g., Caulfield*, 2007 U.S. Dist. LEXIS 95239, at *16-17 (representations concerning governing law made in documents issued by third parties were not sufficient to confer jurisdiction over defendants).

> **C.      Due Process Forbids the Exercise of Jurisdiction Over ZLIC**

Plaintiff also cannot demonstrate that the exercise of personal jurisdiction over ZLIC would be reasonable in the present case.  Under a theory of either specific or general jurisdiction, due process forbids the exercise of jurisdiction over a non-domiciliary defendant unless he has purposefully established "minimum contacts" with the state such that "maintenance of the suit [against him in the forum] does not offend 'traditional notions of fair play and substantial justice.'"  *Quill Corp. v. North Dakota ex rel. Heitkamp*, 504 U.S. 298, 307 (1992)

(*quoting, inter alia, International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  A defendant's contacts with the forum state must be of such a nature and quality as to warrant the conclusion that the defendant "purposefully availed" himself of the benefits and protection of New York law.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985) (citations omitted).  Moreover, the defendant must reasonably expect to be "haled" into court based upon acts in the forum state.  *See Kulko v. Superior Court of California*, 436 U.S. 84, 97-98 (1978).

Plaintiff cannot establish that the exercise of jurisdiction over ZLIC in New York would comport with traditional notions of fair play and substantial justice.  It is unfair to claim that ZLIC purposefully availed itself of the benefits and protections of New York law simply because a Summary Plan Document prepared by UBS mistakenly asserts that ZLIC is an insurer with an office in New York.

## III.    PLAINTIFF DID NOT SERVE ZLIC PROPERLY

As set forth previously, ZLIC is a Swiss corporation with its registered office in Zurich, Switzerland.  *See* Ketterer Aff. ¶ 3.  The Convention on the Service Abroad of Judicial and Extraterritorial Documents in Civil or Commercial Matters, Nov. 15, 1965 (Hague Service Convention), 20 U.S.T. 361, T.I.A.S. No. 6638, establishes the sole permissible manner to serve process on a foreign entity such as ZLIC.  Switzerland is a signatory to the Hague Convention, and service under the Hague Convention requires a plaintiff to serve process on a designated central authority in the country in which the defendant resides.  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698-99 (1988).  Once received, that authority will serve the documents on the requested entity under the internal law of its country.  *Id.*  Under Swiss law, such service must be made via the Central Authority, and a German translation of the summons and notice must be included for service on any party located in the Canton of Zurich

10

(where defendant ZLIC is located).  Hague Convention, n. 12a(3).  Plaintiff has not done so.  She has not served ZLIC in Switzerland by any means.

Instead, plaintiff delivered a copy of her Summons and Complaint to Zurich American, an indirect affiliate of ZLIC located in New York City.  Ketterer Aff. ¶ 12; Maher Decl. ¶ 6.  This fragile set of circumstances does not suffice to serve ZLIC.[6]

First, nothing in Rule 4 of the Federal Rules of Civil Procedure allows for service upon an affiliate of the defendant.  Zurich American is not ZLIC's New York agent or an officer of ZLIC within the meaning of Rule 4(h)(1)(B).  ZLIC has no designated agent, office or other branch in New York.  Ketterer Aff. ¶¶ 7, 20.  Zurich American is not ZLIC's agent in any way. *Id.* ¶ 20.  Consequently, service upon that entity does constitute service upon ZLIC under this theory either.

Second, although Federal Rule 4(e)(1) allows plaintiff to rely on methods of service acceptable under the law of the state where the district court is located, it is well-settled under New York law that the mere ownership of a  New York subsidiary by a foreign parent does not transform that subsidiary into the parent for purposes of service.  *Pappas v. A.J. Ross Logistics, Inc.*, 222 A.D.2d 424, 425, 634 N.Y.S.2d 717, 719 (2d Dep't 1995) (holding that subsidiary "could not be deemed [defendant's] involuntary agent for service of process"); *Vesligaj v. PMT Forklift Corp.*, 213 A.D.2d 541, 542, 624 N.Y.S.2d 54, 55 (2d Dep't 1995) (service of a summons and complaint on regional branch of domestic subsidiary "was wholly inadequate to confer personal jurisdiction over a foreign parent company not authorized to do business in New York").  Plaintiff has alleged nothing more here.  In fact, she alleges much less,

---

[6] Even if plaintiff had mailed process directly to ZLIC in Switzerland, such mailing would have been a nullity. Switzerland does not permit service of Swiss entities by mail (it made specific objection to this mode of service in Article 10 of the Hague Convention), and U.S. courts, accordingly, do not recognize any such effort as constituting proper service. *Aries Ventures Ltd. v. AXA Finance S.A.*, No. 86 Civ. 4442, 1990 U.S. Dist. Lexis 3482 at *2 (S.D.N.Y. Mar. 30, 1990) (so holding regarding Swiss entity).

as ZLIC is only an indirect affiliate of Zurich American.  The two companies are totally distinct

from each other.  Among other things, ZLIC and Zurich American:

> • share no common employees;
> • have no common directors or officers;
> • have separate daily operations;
> • keep separate books and records; and
> • have separate shareholder and board meetings.

Ketterer Aff. ¶¶ 13-17.  Accordingly, service upon Zurich American did <u>not</u> effect service upon

ZLIC.


## <u>CONCLUSION</u>

For all the foregoing reasons, ZLIC respectfully requests that the Court dismiss

the Complaint in its entirety as against ZLIC, and further requests the Court grant such other and

further relief as the Court may deem appropriate.

Dated:  May 5, 2011
      New York, New York

WOLLMUTH MAHER & DEUTSCH LLP


By: /s/ WILLIAM A. MAHER
      William A. Maher
      Steven S. Fitzgerald

500 Fifth Avenue
New York, New York 10110
(212) 382-3300

*Attorneys for Defendant Zurich Life Insurance Company, Ltd.*