UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RACHEL YOUNGER, Individually and as Administrator of the Estate of NATHANIEL YOUNGER,

                         Plaintiff,

    v.

ZURICH AMERICAN INSURANCE COMPANY and UBS FINANCIAL SERVICES, INC.,

                         Defendants.

Civil Action No.: 11-civ-1173 (TPG)

---

## MEMORANDUM OF LAW IN SUPPORT OF ZURICH AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS

 

White and Williams LLP
One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119
Phone: 212-244-9500
*Attorneys for defendant Zurich American Insurance Company*

*On the brief*
Andrew I. Hamelsky, Esq.
Rafael Vergara, Esq.

7746764v.1

**Table of Contents**

Table of Authorities ................................................................................................................ ii

Preliminary Statement ............................................................................................................. 1

Argument ................................................................................................................................ 4

    Point I: The Second Claim and Third Claim Must Be Dismissed Pursuant to
    Fed. R. Civ. P. 12(b)(6) Because They Are Duplicative of the Claim for Benefits
    Under ERISA ................................................................................................................ 4

    Point II: The Second Claim Purportedly Seeking Equitable Relief Is Nothing
    More Than a Claim For Benefits ................................................................................... 5

    Point III: The Third Claim, Purportedly For Equitable Relief, Is Nothing More
    than a Claim For Benefits ............................................................................................. 6

    Point IV: There Cannot Be Any Equitable Relief Available Because Younger
    Is Deceased ................................................................................................................... 7

    Point V: Plaintiff's Reference To Recent Supreme Court Precedent Is Misplaced
    As There Is No Equitable Relief Available to Plaintiff As Younger Could Not
    Have Relied On The SPD .............................................................................................. 9

        A.  The SPD is not part of the ERISA plan .......................................................... 11

        B.  Plaintiff needs to demonstrate harm and causation......................................... 12

        C.  Plaintiff needs to demonstrate reliance ........................................................... 12

    Point VI: Any Claims Grounded In Fraud or Mistake of Fact Must Be Dismissed ......... 14

# Table of Authorities

Statutes

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ...................................................... passim

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) ................................................................ passim


Cases

*Chapro v. SSR Realty Advisors, Inc. Severance Plan*, 351 F. Supp. 2d 152 (S.D.N.Y. 2004) ... 8

*Cigna Corp. v. Amara* , 131 S. Ct. 1866 (2011) ........................................................... 9-12

*Crigger v. Fahnestock and Co.*, 443 F.3d 230 (2006) .................................................. 13

*Curtiss–Wright Corp. v. Schoonejongen*, 514 U.S. 73, 115 S. Ct. 1223 (1995) .......................... 10-11

*Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76 (2d Cir. 2001) ................................... 8

*Great-West Life & Annuity Ins. Co.*, 534 U.S. 204 (2002) .......................................................... 8

*Harrison v. Metropolitan Life Ins. Co.*, 417 F. Supp. 2d 424 (S.D.N.Y. 2006) ......................... 6, 7, 8

*In re Wachovia Equity Securities Litigation*, 753 F. Supp. 2d 326 (S.D.N.Y. 2011) .................. 14

*Joyce v. Curtiss-Wright Corp.*, 992 F. Supp. 259 (W.D.N.Y. 1997) ......................................... 7

*Keir v. UnumProvident Corp.*, 2010 WL 3566878 (U.S. District Ct.,

S.D.N.Y. Sept. 14, 2010) ............................................................................................... 5

*Layaou v. Xerox Corp.*, 238 F.3d 205 (2d Cir. 2001) ................................................................ 7

*Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993) ....................................................... 8

*Nelson v. Nielsen Media Research Inc.*, 207 F. Supp. 2d 300, 302 (S.D.N.Y. 2002) ................. 4

*Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) ........................................... 4

*Pronti v. CNA Financial Corp.*, 353 F. Supp. 2d 320, 323 (N.D.N.Y. 2005) ........................... 4, 6

*Rothwell v. Chenagngo County N.Y.S.A.R.C. Pension*, 2006 WL 2276023 (U.S. District
Ct., N.D.N.Y. Sept. 19, 2005) ................................................................................................ 7

*Rubio v. Chock Full O'Nuts Corp.*, 254 F. Supp. 2d 413 (S.D.N.Y. 2003) ................................ 8

*Varity Corp. v. Howe* , 516 U.S. 489 (1996) ............................................................................ 1, 5-6

Rules

Fed. R. Civ. P. 9(b) ..................................................................................................................... 14

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. passim

7746764v.1

**PRELIMINARY STATEMENT**

The *ad damnum* of the amended complaint says it all: on each of Plaintiff's three claims the only relief sought is a judgment representing benefits allegedly due under the ERISA plan at issue in this case. Since Plaintiff may seek, and does seek, complete relief in the form of money damages under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), any other claims must be dismissed as duplicative. Therefore, Plaintiff's Second Count for equitable relief and Third Count seeking damages for a breach of a fiduciary duty must be dismissed.

The relevant ERISA plan participant is deceased, and, therefore, Plaintiff's assertion about a deficient summary plan description ("SPD") offers no ground for Plaintiff to seek any form of prospective equitable relief. The Supreme Court in *Varity Corp. v. Howe* stated its expectation "that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"[1] Under the facts of this case, as plead by Plaintiff, the relief sought is money damages, which comfortably fits within ERISA § 502(a)(1)(B), and, therefore, Plaintiff's claims for equitable relief ought to be dismissed.

In June 2008, Plaintiff's decedent Nathaniel Younger ("Younger"), while employed by UBS and attending a week-long UBS training seminar in New Jersey, died of a cocaine and alcohol overdose. His death occurred following a celebration of the completion of the UBS training seminar.

---

[1]   516 U.S. 489, 515 (1996).

Plaintiff filed a claim with defendant UBS Financial Services Inc. ("UBS") seeking benefits under a UBS Financial Services Inc. Travel Accident Insurance Plan (the "Plan"). The Plan is part of a welfare benefit plan sponsored by UBS for its employees. The Plan is funded by two insurance policies issued by defendant Zurich American Insurance Company ("Zurich American"). UBS's plan is governed by ERISA.

As a result of the claim filed by Plaintiff, Zurich American investigated Younger's death and determined it was not caused by accidental means. Further, Zurich American found that Younger's death was not a covered loss under the policies as his death was caused by or contributed to or resulted from a suicide, attempted suicide or a purposeful self-inflicted wound. Lastly, Zurich American determined that Plaintiff's claim was not compensable because Younger's death due to cocaine use was caused by or resulted from his participation in the commission or attempted commission of a felony. As result of Zurich American's denial of Plaintiff's claim, this action seeking benefits under ERISA was commenced.

The amended complaint that is the subject of this motion (ECF 27) comes after Zurich American moved to dismiss (ECF 14) Plaintiff's initial complaint. The amended complaint, however, fails to assert viable causes of action in the Second Claim (purporting to seek equitable relief under 29 U.S.C. § 1132(a)(3) [that is, ERISA § 502(a)(3)]) and Third Claim (purporting to seek a remedy for breach of fiduciary duty). The complaint again and again asserts that the only substantive relief sought by Plaintiff is benefits. Accordingly, the relief afforded by ERISA § 502(a)(1)(B) provides a sufficient avenue of

2

7746764v.1

relief, and any other claims must be dismissed as duplicative.  Therefore, the Second and Third Counts of the amended complaint must be dismissed.

**ARGUMENT**

**POINT I**

**THE SECOND CLAIM AND THIRD CLAIM MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) BECAUSE THEY ARE DUPLICATIVE OF THE CLAIM FOR BENEFITS UNDER ERISA**

In reviewing a Fed. R. Civ. P. 12(b)(6) motion, the court must accept as true all factual allegations contained in the complaint, as well as all reasonable inferences that may be drawn from those allegations, and view them in the light most favorable to the nonmoving party.[2]

The amended complaint's jurisdictional statement establishes that "[t]his case involves a claim for failure to pay benefits pursuant to policies of insurance issued pursuant to" ERISA.  (Amended Complaint at ¶ 1 (ECF 27), **Exhibit 1**.)[3]  The complaint asserts three claims, the first of which is for the recovery of benefits pursuant to ERISA § 502(a)(1)(B).  It is the Second Claim and Third Claim that are the subject of this motion to dismiss.

The Second Claim (ECF 27 at ¶¶ 39-47) purports to seek equitable relief pursuant to ERISA § 502(a)(3).  Specifically, Plaintiff alleges that this Court may use its "equitable power" to reform, revise, amend and/or restate the "respective plans."  (*Id.* at ¶ 45)  However, and importantly, Plaintiff "respectfully requests" that the "Court issue a judgment providing that Plaintiff is entitled to recover" insurance policy benefits.  (*Id.* at

---

[2]    *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Pronti v. CNA Financial Corp.*, 353 F. Supp. 2d 320, 323 (N.D.N.Y. 2005); *Nelson v. Nielsen Media Research Inc.*, 207 F. Supp. 2d 300, 302 (S.D.N.Y. 2002).

[3]    The exhibits referenced herein are attached to the certification of Andrew Hamelsky of June 15, 2011, submitted with this motion.

¶¶ 46-47)  The thrust of the Second Claim, as confirmed by the *ad damnum* clause, is for the recovery of policy benefits.  The Second Claim, therefore, is duplicative of the First Claim under § 502(a)(1)(B).

Similarly, the Third Claim (ECF 27 at ¶¶ 48-51) for breach of fiduciary duty is duplicative of the First Claim.  The only "financial injury and damage" alleged in the Third Claim explicitly refers to the policy benefits alleged in the First Claim.  (ECF 27 at ¶ 51)  Like with the Second Claim, as to the Third Claim the *ad damnum* merely reiterates the policy benefit amounts at issue with reference to the First Claim under ERISA § 502 (a)(1)(B).  The Second Claim and Third Claim are duplicative of the First Claim, and, therefore, ought to be dismissed.

## POINT II

### THE SECOND CLAIM PURPORTEDLY SEEKING EQUITABLE RELIEF IS NOTHING MORE THAN A CLAIM FOR BENEFITS

An action under ERISA § 502(a)(1)(B) permits a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ."  "Where a claimant can obtain relief under some other provision of ERISA § 502, a claim under ERISA § 502(a)(3) is not ordinarily available."[4]  In *Varity Corp. v. Howe*, the Supreme Court expressed the expectation that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be

---

[4] *Keir v. UnumProvident Corp.*, 2010 WL 3566878, at *7 (U.S. District Ct., S.D.N.Y. Sept. 14, 2010) (**Exhibit 2**.)

5

'appropriate.'"[5]

Notably, "[m]oney damages are generally unavailable pursuant to § 502(a)(3)."[6] Section 502(a)(3) "functions 'as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy.'"[7] Utilizing *Varity*'s guidance, therefore, it would be inappropriate to allow Plaintiff to pursue an action for equitable relief where the only relief Plaintiff actually seeks, and the only relief that can provide a remedy, is money damages under § 502(a)(1)(B). Where a claim under § 502(a)(1)(B) is asserted that could provide "adequate relief," an action, "even in the alternative," cannot be maintained under "§ 502(a)(3) seeking virtually identical relief."[8]

## POINT III

**THE THIRD CLAIM, PURPORTEDLY FOR EQUITABLE RELIEF, IS NOTHING MORE THAN A CLAIM FOR BENEFITS**

Without a statutory reference, the Third Claim asserts that "Defendants breached their fiduciary duties" by failing to provide a correct SPD. (ECF 27 at ¶ 50) The Third Claim is duplicative of the Second Claim, and must be dismissed on the same basis. "A plaintiff may not pursue a claim for breach of fiduciary duty based on section 502(a)(3) where that claim seeks relief that duplicates the relief sought on a claim for benefits under

---

[5]    516 U.S. 489, 515 (1996).

[6]    *Harrison v. Metropolitan Life Ins. Co.*, 417 F. Supp. 2d 424, 433 (S.D.N.Y. 2006).

[7]    *Id.* (quoting *Varity Corp.*, 516 U.S. at 512).

[8]    *Pronti*, 353 F. Supp. 2d at 324.

6

section 502(a)(1)(B)."[9]  To the extent the Third Claim may be interpreted as asserting a common law breach of fiduciary claim, such a claim would be "preempted by ERISA."[10]

## POINT IV

### THERE CANNOT BE ANY EQUITABLE RELIEF AVAILABLE BECAUSE YOUNGER IS DECEASED

Since Younger is deceased, no prospective equitable remedy can exist.  As to Zurich American, the only relief Plaintiff could hope for is the payment of benefits under the relevant policies issued by Zurich American, but that relief is one at law for benefits pursuant to § 502(a)(1)(B).  Accordingly, since a complete legal remedy exists, there cannot be a cause of action for equitable redress.

Plaintiff's allegation of a deficient SPD in the complaint does not change the analysis.  Even a failure to give an SPD allows recovery for "loss of benefits and interest as legal relief under § 1132(a)(1)(B)."[11]  The Second Circuit has explicitly stated that "if a summary plan 'is inadequate to inform an employee of his rights under the plan, ERISA empowers plan participants and beneficiaries to bring civil actions against plan fiduciaries for any damages that result from the failure to disclose' under 29 U.S.C. § 1132(a)(1)(B)."[12]  Since the remedy for an inadequate SPD fits comfortably within § 502(a)(1)(B), and since Plaintiff's decedent cannot possibly obtain prospective relief,

---

[9]     *Joyce v. Curtiss-Wright Corp.*, 992 F. Supp. 259 (W.D.N.Y. 1997).

[10]    *Harrison*, 417 F. Supp. 2d at 432.

[11]    *Rothwell v. Chenagngo County N.Y.S.A.R.C. Pension*, 2006 WL 2276023 (U.S. District Ct., N.D.N.Y. Sept. 19, 2005).

[12]    *Layaou v. Xerox Corp.*, 238 F.3d 205, 212 (2d Cir. 2001).

Plaintiff's purported claims outside § 502(a)(1)(B) are duplicative of the claim for benefits. "Money damages are, of course, the classic form of *legal* relief."[13]

Plaintiff's amended complaint fails to identify any form of relief that could possibly benefit Younger directly since Younger is deceased. The only relief sought by Plaintiff is money damages. Accordingly, since the only claim is for money damages under a plan governed by ERISA, adequate potential relief exists under § 502(a)(1)(B), which is asserted in the First Claim of the amended complaint.

Plaintiff in opposition to this motion may point out that there are circumstances where a § 502(a)(1)(B) and § 502(a)(3) may run side-by-side in an action.[14] However, as providently analyzed by this district in *Harrison v. Metropolitan Life Ins. Co.*, where the claim is, at bottom, for money damages, adequate relief is available under § 502(a)(1)(B), and, therefore, a claim for equitable relief that adds nothing ought to be dismissed.[15] Plaintiff's complaint does not evidence that Plaintiff is interested in obtaining anything other than money damages, and this fact is confirmed by the *ad damnum* which only demands money damages as to the Second Claim and Third Claim. Similar to this Court's decision in *Rubio v. Chock Full O'Nuts Corp.*,[16] Plaintiff in this case would lose nothing

---

[13] *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 254 (1993); *see Great-West Life & Annuity Ins. Co.*, 534 U.S. 204, 210 (2002).

[14] *See*, *e.g.*, *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76 (2d Cir. 2001); *Chapro v. SSR Realty Advisors, Inc. Severance Plan*, 351 F. Supp. 2d 152 (S.D.N.Y. 2004).

[15] 417 F. Supp. 2d at 433-34.

[16] 254 F. Supp. 2d 413, 432 (S.D.N.Y. 2003).

by the dismissal of the Second Claim and the Third Claim, and, therefore, they should be dismissed.

## POINT V

### PLAINTIFF'S REFERENCE TO RECENT SUPREME COURT PRECEDENT IS MISPLACED AS THERE IS NO EQUITABLE RELIEF AVAILABLE TO PLAINTIFF AS YOUNGER COULD NOT HAVE RELIED ON THE SPD

Plaintiff's complaint refers to the recent Supreme Court decision in *Cigna Corp. v. Amara*.[17] Plaintiff presumably does this to attempt catching with § 502(a)(3)'s "safety net" what might otherwise slip away by asserting solely a § 502(a)(1)(B) claim. The *Amara* case holds that § 502(a)(1)(B) is an inappropriate vehicle for granting equitable relief where misrepresentations in an SPD are alleged.[18] The first paragraph of Justice Scalia's concurrence makes the point clear:

> I agree with the Court that § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), does not authorize relief for misrepresentations in a summary plan description (SPD). I do not join the Court's opinion because I see no need and no justification for saying anything more than that.[19]

The majority opinion recognized that its discussion of § 502(a)(3) ventured to a place where the trial court judge did not venture and the holding did not address appropriate remedies under that provision:

---

[17]   (ECF 27 at ¶ 40)

[18]   131 S. Ct. 1866, 1871, 1877 (2011).

[19]   *Id.* at 1882 (Scalia, J., concurring).

9

> We cannot know with certainty which remedy the District Court understood itself to be imposing, nor whether the District Court will find it appropriate to exercise its discretion under § 502(a)(3) to impose that remedy on remand. We need not decide which remedies are appropriate on the facts of this case . . . .[20]

In short, therefore, *Amara* does not hold that a § 502(a)(3) and § 502(a)(1)(B) can, or should, proceed in tandem where § 502(a)(1)(B) provides adequate relief.

This is not to say that *Amara* is irrelevant to this case. The case is relevant, but it is largely irrelevant to this motion in that the motion is premised on the proposition that if § 502(a)(1)(B) provides an adequate avenue to potential relief, Plaintiff cannot look § 502(a)(3) for relief.

Admittedly, the Court did recognize that the types of remedies the district court entered fell "within the scope of the term 'appropriate equitable relief' in § 502(a)(3)."[21] That recognition, however, is of limited relevance since the Court ultimately concluded that "[b]ecause the District Court has not determined if an appropriate remedy may be imposed under § 502(a)(3), we must vacate the judgment below and remand this case for further proceedings consistent with this opinion."[22]

If this Court is inclined to read *Amara* to analyze whether Plaintiff may be entitled to equitable relief in this case under § 502(a)(3), there are good reasons set forth within *Amara* and another Supreme Court case, *Curtiss–Wright Corp. v. Schoonejongen*,[23] for

---

[20]   *Id.* at 1880.

[21]   *Id.*

[22]   *Id.* at 1882.

[23]   514 U.S. 73, 115 S. Ct. 1223 (1995).

10

declining to do so according to the particular allegations in Plaintiff's complaint.

### A.  *The SPD is not part of the ERISA plan*

Plaintiff's Second Claim arguably seeks that the "respective plans" be reformed to conform with representations allegedly made to Younger. (ECF 27 at ¶ 45) The only allegation of how such representations were made refers to the SPD. (ECF 27 at ¶ 42) The SPD, however, is not in any way part of an ERISA plan, which is a proposition explicitly supported by *Amara*:

> [W]e conclude that the summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan for purposes of § 502(a)(1)(B).[24]

Plaintiff may complain that certain information should have been included in the SPD for the Plan. As the Supreme Court recognized in *Curtiss–Wright Corp. v. Schoonejongen*, however, while ERISA's "informational scheme" "may not be foolproof," "it is the scheme that Congress devised."[25] "ERISA already *has* an elaborate scheme in place for enabling beneficiaries to learn their rights and obligations at any time, a scheme that is built around reliance on the *face of written plan documents*."[26] In this case, Plaintiff does not argue that the Plan (or the insurance policies that fund the Plan) fails to communicate essential information. Plaintiff's position, rather, is that the SPD and the

---

[24]   131 S. Ct. at 1878.

[25]   514 U.S. at 84, 115 S. Ct. at 1231.

[26]   *Id.* at 83, 115 S. Ct. at 1230 (second emphasis added).

Plan conflict, and, in such a case, the SPD should control—a position contrary to the conclusion of *Amara* that an SPD is nowise a plan document.

### B. *Plaintiff needs to demonstrate harm and causation*

The *Amara* case concluded that for a Plaintiff to succeed on an equitable relief claim for "information-related issues," that Plaintiff needs to "show harm and causation."[27] Plaintiff here can show no harm since there is no allegation that a change in the Plan caused him to be any worse off from one point in time compared to another point in time as it relates to the terms of the Plan or the representations in the SPD.  Simply, the Plan did not change in any way that could have possibly affected Younger during any point in time. Because Plaintiff cannot demonstrate harm, causation for harm likewise cannot be shown.

### C. *Plaintiff needs to demonstrate reliance*

The Court in *Amara* did not conclude that detrimental reliance was always needed to establish a § 502(a)(3) claim for information-related issues, but rather concluded that "the standard of prejudice must be borrowed from equitable principles, as modified by the obligation and injuries identified by ERISA itself."  Accordingly, in the right cases, claimants must show detrimental reliance to proceed on claims for equitable relief.[28]  In this case, where fraud is alleged,[29] reliance would certainly be needed because one that is one of the elements for an action sounding in fraud.

---

[27]   131 S. Ct. at 1881.

[28]   *Id.* at 1882.

[29]   (ECF 27 at ¶¶ 42, 44)

In New York, the elements of fraud are: "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) *reasonable reliance on the part of the plaintiff*; and (5) resulting damage to the plaintiff."[30]  None of Plaintiff's allegations could reasonably be read as asserting that Younger ever relied upon any representations on the part of Defendants during any point in time prior to his death.  Clearly, Plaintiff has not and cannot allege that he relied on the SPD when he decided to use cocaine. Accordingly, since Plaintiff cannot demonstrate reliance for any representations made by Defendants, the Second Claim and Third Claim asserting equitable relief must be dismissed.

Even if Plaintiff alleges the representations in the SPD were purely from a mistake of fact, that does nothing to establish Plaintiff's claim for equitable relief.  There is no allegation that Plaintiff would have done anything differently if he had known about the alleged discrepancies between the Plan and the SPD.  In the end, Plaintiff wants equitable relief in order to obtain policy benefits, which is exactly the relief ERISA affords through § 502(a)(1)(B).

---

[30]    *Crigger v. Fahnestock and Co.*, 443 F.3d 230, 234 (2006).

# POINT VI

## ANY CLAIMS GROUNDED IN FRAUD OR MISTAKE OF FACT MUST BE DISMISSED

Plaintiff alleges fraud and mistake of fact within the Second Claim.  (ECF 27 at ¶¶ 39-47)  This appears to be simply an attempt to add color to an equitable claim like *Amara* since there are not any factual allegations that relate to at least three of the elements for fraud.  Specifically, nothing in the Second Claim could reasonably be read as referring to either (1) Zurich American's knowledge of falsity as to a material misrepresentation or omission; (2) Zurich American's intent to defraud; or (3) reasonable reliance on the part of the Younger or Plaintiff.

Upon noting this deficiency it is well for the Court to also consider that allegations of "fraud or mistake" require they be plead to "state with particularity the circumstances constituting fraud or mistake."[31]  In this case, Plaintiff fails even mentioning three of the needed elements for alleging fraud or mistake.[32]  A complaint cannot survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss unless it alleges "'enough facts to state a claim to relief that is plausible on its face.'"  In this case, where elements of fraud are not even mentioned in the complaint, any claims related to fraud or mistake of fact should be dismissed.  At bottom, since the Second Claim seeks nothing more than the insurance benefits already sought in the First Claim, the Second Claim must be dismissed.

---

[31]     Fed. R. Civ. P. 9(b).

[32]     *In re Wachovia Equity Securities Litigation*, 753 F. Supp. 2d 326, 346-47 (S.D.N.Y. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## **CONCLUSION**

For the foregoing reasons, Zurich American respectfully requests that this Court enter an order providing that the Second Claim and Third Claim of the amended complaint (ECF 27) are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Date: June 15, 2011

Respectfully submitted,

s/ Andrew I. Hamelsky
Andrew I. Hamelsky, Esq.
Rafael Vergara, Esq.
White and Williams LLP
One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119
Phone: 212-244-9500
AH e-mail: hamelskya@whiteandwilliams.com
RV e-mail: vergarar@whiteandwilliams.com
*Attorneys for defendant Zurich American Insurance Company*

15