UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
RACHEL YOUNGER, Individually and as
Administrator of the Estate of NATHANIEL        Civil Action No.: 11-civ-1173 (TPG)
YOUNGER,

              Plaintiff,

  v.

ZURICH AMERICAN INSURANCE
COMPANY and UBS FINANCIAL
SERVICES, INC.

             Defendants.

-----------------------------------------------------------

**MEMORANDUM OF LAW IN RESPONSE TO THE MEMORANDUM OF LAW
SUBMITTED BY UBS FINANCIAL SERVICES, INC.**

CYE E. ROSS, ESQ.
30 Vesey Street
New York, New York 10007
Telephone: 212-732-0843
Attorney for Plaintiff

## Table of Authorities

**Page**

**Cases**

*Amara,* 131 S.Ct. 1866 (2011)..................................................................................3
*Heidgerd v. Olin Corp.,* 906 F. 2d 903, 907 (2d 1990) ...........................................2, 3

**Statues**

*29 U.S.C. Section 1132 (a) (30*..................................................................................3

## TABLE OF CONTENTS

| | Page |
|---|---|
| **PRELIMINARY STATEMENT** | 1 |
| **ARGUMENT  THE "DISCLAIMER" IN THE SPD PROVIDES NO PROTECTION FOR UBS** | 2 |
| **CONCLUSION** | 4 |

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in response to the Memorandum of Law submitted by Defendant UBS Financial Services, Inc. (hereinafter referred to as "UBS Financial").

UBS Financial has been named as a defendant in the Amended Complaint, and the second and third claims in the Amended Complaint seek relief against both UBS Financial and Defendant Zurich American Insurance Company.

UBS Financial is required to respond to the Amended Complaint by filing an Answer or by filing a motion. UBS has done neither, but has merely filed a Memorandum of Law stating that it "joins in the request for relief sought in Defendant Zurich American's motion to dismiss."

The arguments made in the three-page Memorandum of Law filed by UBS Financial are very similar to the arguments made by Zurich American, and with respect to those arguments, Plaintiff relies on the Memorandum of Law filed in opposition to the motion to dismiss filed by Zurich American.

UBS Financial has also attempted to assert that it has certain defenses in the case based on the SPD provided to employees. Specifically, UBS Financial states that the claims made in the Amended Complaint are "misplaced" based on the "explicit disclaimer contained in the SPD." Plaintiff wishes to address this particular argument in the Memorandum of Law.

## ARGUMENT

### THE "DISCLAIMER" IN THE SPD PROVIDES NO PROTECTION FOR UBS

In its Memorandum of Law, UBS Financial makes reference to a provision contained in the SPD: "The SPD does not determine the rights under the Accident Insurance Plan, but is intended only to summarize the important provisions of the plan. If there is any inconsistency between this Summary and the Accident Insurance Plan documents, the terms of the plan documents will govern.

Defendant UBS Financial maintains that it is protected by this "disclaimer" contained in the SPD.

The point not mentioned by UBS Financial is that it had a *legal obligation* to provide employees with accurate information concerning all aspects of the plan, and this includes any exclusions or limitations with respect to the plan. As the Court of Appeals for the Second Circuit stated in *Heidgerd v. Olin Corp.,* 906 F. 2d 903, 907 (2d 1990), ERISA and the regulations promulgated under it require that employees be given such summaries and the summaries must be complete and set forth the "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits. 29 C.F.R. Section 2520.102-2(a) . . . . Thus, the statute contemplates that the summary will be an employee's primary source of information regarding employment benefits, and its employees are entitled to rely on the descriptions contained in the summary."

In the case now before this Court, Plaintiff alleges that the SPD was given to employees, but not the actual plan documents. It would do no good, to advise employees

2

that in the event of inconsistencies between the two, the provisions in the plan will control – because they do not have the plan documents.

As the Court of Appeals stated in *Heidgerd:* "It is of no effect to publish and distribute a plan summary book designed to simplify and explain a voluminous and complicated document, and then proclaim that any inconsistencies will be governed by the plan. Unfairness will flow to the employee for reasonably relying on the summary booklet." (906 F. 2d at 908).

The Plaintiff alleges that UBS Financial had a fiduciary duty to provide accurate and complete information to employees regarding the contents of the plans (including exclusions and limitations) and failed to do so. UBS Financial has provided no information to the Court to counter this claim.

UBS Financial has not filed a motion for summary judgment. (In a technical sense, UBS has not even filed a motion to dismiss at this point in time).

Plaintiff has the right to proceed against UBS Financial on the second and third claims in the Amended Complaint under 29 U.S.C. Section 1132 (a) (3) under the ruling of the Supreme Court in *Cigna Corp v. Amara,* 131 S.Ct. 1866 (2011). If "unfairness" has flowed to employees as a result of inaccurate information in the SPD, as the Court of Appeals noted in *Heidgerd,* the Plaintiff should have a remedy.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court deny any request for relief made by Defendant UBS Financial and provide that UBS Financial must file an Answer to the Amended Complaint.

Dated:  June 29, 2011

Respectfully submitted,

*Cye E. Ross*

CYE E. ROSS, ESQ.
30 Vesey Street
New York, New York 10007
Telephone: 212-732-0843
Attorney for Plaintiff
e-mail address: cyro05@aol.com

Of Counsel:
Steven B. Sarshik, Esq.