UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RACHEL YOUNGER, Individually and as Administrator of the Estate of NATHANIEL YOUNGER, | Civil Action No.: 11-civ-1173 (TPG) |
| Plaintiff, | |
| v. | |
| ZURICH AMERICAN INSURANCE COMPANY and UBS FINANCIAL SERVICES, INC., | |
| Defendants. | |

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF ZURICH AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS**

---

White and Williams LLP
One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119
Phone: 212-244-9500
*Attorneys for defendant Zurich American Insurance Company*

*On the brief*
Andrew I. Hamelsky, Esq.
Rafael Vergara, Esq.

7850848v.1

**PRELIMINARY STATEMENT**

Plaintiff mischaracterizes, or misunderstands, Zurich American's argument for dismissal of the Second Claim and Third Claim. It is difficult to see how Plaintiff manages this since her opposition correctly quotes from Zurich American's position: "Defendant asserts that 'it would be inappropriate to allow Plaintiff to pursue an action for equitable relief where the only relief Plaintiff actually seeks, and the only relief that can provide a remedy, is money damages under'" ERISA § 502(a)(1)(B).[1] Ultimately, money damages representing death benefits under the ERISA plan are the only relief Plaintiff seeks.

Plaintiff's entire opposition hinges on the Supreme Court case *Cigna Corp. v. Amara*.[2] Unfortunately for Plaintiff, the instant action is so obviously dissimilar as to render any comparison irrelevant. Simply, in *Amara*, the plaintiffs relied upon the Cigna SPD to guide them concerning pension decisions. As such, the equitable relief sought was the only real relief. Here, Plaintiff's decedent Nathaniel Younger died due to a drug overdose. His death is not in any way related to the SPD nor would a prospective (or retroactive) change to the SPD change his claim for death benefits. Clearly, as Plaintiff must concede, Younger did not rely upon the SPD when ingesting cocaine. As such, since death benefits are the only potential relief possible and said benefits are precisely the type of relief § 502(a)(1)(B) affords, the equitable claims must be dismissed on the basis they are duplicative of the claim for benefits.

---

[1]   Pl. Mem. of Law of 6/28/11, at 12 (ECF 40). Another separate quotation correctly setting forth Zurich American's position appears at footnote 2 of Plaintiff's opposition. *See id.*, at 10 n.2.

[2]   131 S. Ct. 1866, 1871 (2011).

## ARGUMENT

### POINT I

### PLAINTIFF MISCONSTRUES ZURICH AMERICAN'S PERCEPTION OF *AMARA*

Zurich American does not argue that equitable claims are disallowed to ERISA plaintiffs generally. Its position, rather, is that Plaintiff cannot pursue equitable claims because her complaint ultimately seeks solely benefits (and an action for benefits is only properly pursued under § 502(a)(1)(B)). Contrary to Plaintiff's assertion, Zurich American does not contend with the wisdom of the decision in *Cigna Corp. v. Amara*.[3] Zurich American recognizes *Amara* as relevant to ERISA, and relevant to this case, *but* it is largely irrelevant to this motion.[4] Nothing in Plaintiff's opposition even attempts to deteriorate the strength of Zurich American's argument that: "*Amara* does not hold that a § 502(a)(3) and § 502(a)(1)(B) can, or should, proceed in tandem where § 502(a)(1)(B) provides adequate relief."[5]

In arguing that the Second Claim and Third Claim of the amended complaint should be allowed to stand, Plaintiff focuses on *Amara*'s recognition that certain ERISA plaintiffs could bring claims for equitable relief.[6] Zurich American does not take issue with other plaintiffs in other cases with different claims. Rather, Zurich American argues that in this case, with this plaintiff, equitable relief is not available under § 502(a)(3)

---

[3]   *Id.*

[4]   Def. Mem. of Law of 6/15/11, at 10 (ECF 33).

[5]   *Id.*

[6]   Pl. Mem. of Law of 6/28/11, at 12 (ECF 40).

2

because Plaintiff is only ultimately seeking only one form of relief; which is, money representing benefits.

Perhaps Plaintiff would have a legitimate point if, as happened in *Amara*,[7] ERISA § 502(a)(1)(B) was not available to grant relief. Here, § 502(a)(1)(B) is available, and is plead in the First Claim. Zurich American has not moved to dismiss the First Claim of the amended complaint.

---

[7] The *Amara* court stated:
> Where does § 502(a)(1)(B) grant a court the power to *change* the terms of the plan as they previously existed? The statutory language speaks of "*enforc[ing]* " the "terms of the plan," not of *changing* them. 29 U.S.C. § 1132(a)(1)(B) (emphasis added). The provision allows a court to look outside the plan's written language in deciding what those terms are, *i.e.,* what the language means. See *UNUM Life Ins. Co. of America v. Ward,* 526 U.S. 358, 377–379, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999) (permitting the insurance terms of an ERISA-governed plan to be interpreted in light of state insurance rules). But we have found nothing suggesting that the provision authorizes a court to alter those terms, at least not in present circumstances, where that change, akin to the reform of a contract, seems less like the simple enforcement of a contract as written and more like an equitable remedy. See *infra,* at 1879.

131 S. Ct. at 1876-77.

## POINT II

## PLAINTIFF'S CLAIMS ARE DIFFERENT THAN THE CLAIMS AT ISSUE IN *AMARA*

In arguing why her equitable claims should be allowed to stand, Plaintiff never articulates how obtaining relief under those claims would result in something other than the attainment of money damages representing benefits under the ERISA plan.  This is key because Plaintiff's use of the *Amara* decision makes it seem as though Plaintiff's claims and the claims by the class of beneficiaries in *Amara* are similar—they are not.  The *Amara* case involved a prospective reformation of an ERISA plan.[8]  In this case, however, no reformation is needed because either Plaintiff is entitled to benefits under the plan or not.  The determination of whether benefits will be paid is the principal issue.  At bottom, all Plaintiff wants is payment for an amount representing benefits.  No prospective equitable relief changing the plan for the future could possibly be contemplated since the relevant plan participant, Plaintiff's decedent Nathaniel Younger, is no longer alive and the subject of this action is the potential entitlement to death benefits.

Plaintiff makes an exercise of arguing that the *ad damnum* of the amended complaint is not really all that important because the Court should look to the "substance of the claim."[9]  This entirely misses the point that the reason the Second Claim and Third Claim should be dismissed is because they seek the relief already sought by the First

---

[8]   *Id.* at 1875 (stating that "the court 'order[ed] and enjoin[ed] the CIGNA Plan to reform its records to reflect that all class members ... now receive [the just described] "A + B" benefits,' and that it pay appropriate benefits to those class members who had already retired" (alterations in original)).

[9]   Pl. Mem. of Law of 6/28/11, at 11 (ECF 40).

Claim. Plaintiff is only interested in money damages, and that is what the First Claim already covers under § 502(a)(1)(B). The duplicative claims ought to be dismissed.

## POINT III

### PLAINTIFF NEVER IDENTIFIES WHAT PROSPECTIVE RELIEF WOULD BE AVAILABLE IF AN EQUITABLE CLAIM WERE PERMITTED

Point III of Plaintiff's opposition takes issue with Zurich American's position that because Nathaniel Younger is deceased, a prospective equitable remedy cannot exist.[10] Equitable relief in this context only really functions prospectively; for example, if the SPD is defective, the equitable relief might be an order requiring that the SPD be amended to cure the defect. Here, since Younger is deceased, and the dispute is over death benefits, there is no prospective equitable relief related to changing the SPD that could do Younger any good. One salient proposition that Plaintiff does not address in her opposition is Zurich American's position that "Plaintiff in this case would lose nothing by the dismissal of the Second Claim and the Third Claim."[11]

Plaintiff mainly utilizes Point III of the opposition to argue she has standing. Zurich American has not challenged Plaintiff's standing to participate in this action.

---

[10] *Compare* Pl. Mem. of Law of 6/28/11, at 13-15 (ECF 40) *with* Def. Mem. of Law of 6/15/11, at 7-9 (ECF 33).

[11] Def. Mem. of Law of 6/15/11, at 8-9 (ECF 33).

5

## POINT IV

## PLAINTIFF DOES NOT ALLEGE HARM

Plaintiff ignores Point V.B of Defendant's memorandum of law that posits, in part: "The *Amara* case concluded that for a [p]laintiff to succeed on an equitable relief claim for 'information-related issues,' that [p]laintiff needs to 'show harm and causation.'"[12] Plaintiff does not at all allege how Plaintiff or Nathaniel Younger may have been harmed by fraud or mistake while Younger was still alive to review and rely upon the allegedly defective SPD.  Plaintiff, cannot and does not argue that Younger relied upon the SPD when ingesting cocaine or that if he knew that the ERISA plan excluded felonious activity he would have refrained from using cocaine.  Plaintiff, moreover, fails to articulate how a defective SPD could in any way have been related to the manner in which Younger's life ended.  This is to ask: How were Plaintiff or Younger harmed by the allegedly defective SPD prior to the death of Younger (which is the triggering event for potential death benefits)?

Without an ability to demonstrate harm, no cause of action for equitable relief exists.  Besides, if the SPD is defective because it does not adequately supply plan information, fixing it—so that it may then be relied upon for the future—would not be an effective equitable remedy since Younger is deceased.  Simply, this is a case for death benefits and nothing further.  As such, the Second and Third Claims of the Amended Complaint must be dismissed.

---

[12]   *Id.* at 12.

## CONCLUSION

For the foregoing reasons, and those set forth in the motion papers, Zurich American respectfully requests that this Court enter an order providing that the Second Claim and Third Claim of the amended complaint (ECF 27) are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Date: July 5, 2011

Respectfully submitted,

s/ Andrew I. Hamelsky
Andrew I. Hamelsky, Esq.
Rafael Vergara, Esq.
White and Williams LLP
One Penn Plaza
250 W. 34th Street, Suite 4110
New York, NY 10119
Phone: 212-244-9500
AH e-mail: hamelskya@whiteandwilliams.com
RV e-mail: vergarar@whiteandwilliams.com
*Attorneys for defendant Zurich American Insurance Company*