UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------x
                                 :

RACHEL YOUNGER,                :

                               :

                    Plaintiff,    :      11 Civ. 1173 (TPG)

                               :

         – against –         :      **OPINION**

                               :

ZURICH AMERICAN INSURANCE    :

COMPANY, et al.,          :

                               :

                  Defendants.   :
-------------------------------------------x

Plaintiff Rachel Younger brought this suit after UBS Financial Services, Inc. denied her a death benefit under its employee benefits plan. Plaintiff brings three claims that seek the payment of benefits under UBS's employee benefits plan. The first relies on the terms of the plan as currently written, the second seeks reformation of the plan, and the third alleges a breach of fiduciary duty. Defendants move to dismiss the Second and Third Claims, arguing that both are duplicative of the First Claim for monetary benefits.

The motion is denied.

## THE COMPLAINT

The following facts are drawn from plaintiff's amended complaint and are assumed to be true for purposes of this motion.

The Parties

Plaintiff is the mother of Nathaniel Younger, a deceased former employee of UBS.  Plaintiff is the administrator of her son's estate.

UBS is a global financial services institution that operates an employee benefit plan for its employees.  Zurich American Insurance Company is the insurance company that serves as claims administrator under UBS's employee benefit plan.

The Dispute

On or about December 2, 2008, Younger died in Jersey City, New Jersey.  The Jersey City Registrar's Office issued a Death Certificate indicating that the "Manner of Death" was "Accident."  The New Jersey State Medical Examiner's Office determined that the cause of death was "acute cocaine and alcohol toxicity," and that the manner of death was "Accidental."

As an employee of UBS, Younger was a party to two insurance policies issued by defendants.  These policies were issued as part of UBS's employee benefits plan and are governed by the Employee Retirement Income Security Act ("ERISA"), 29 USCS §§ 1002 et seq.  The first was a business travel accident insurance policy, numbered GTU 3514164, which would provide coverage of up to ten times the amount of the employee's base earnings or salary in the event of his death.   The second policy was a policy of personal accident insurance, numbered GTU 3514165.  It provided for $100,000 in the event of death.  Younger

did not name a beneficiary under either of these policies and thus the default beneficiary was his estate.

After Younger's death, plaintiff, as administrator of Younger's estate, submitted claims for benefits under both insurance policies. Zurich American denied these claims on the grounds that there was an exclusion or limitation in the policies for "Suicide, attempted suicide, or a purposeful self-inflicted wound" (the "suicide exclusion").  Plaintiff appealed this determination.

In its July  7, 2010 affirmation of the denial of Younger's benefits, the Review Committee relied not only on the suicide exclusion, but also on another exclusion for losses "caused by, contributed to or resulting from . . . the Covered Person's participation in the commission or attempted commission of a felony" (the "felony exclusion").  The Review Committee determined that possession of cocaine was a felony under New Jersey law, and that Younger's death resulted from that felony.

Although the exclusion for losses caused by participation in the commission of a felony is in the personal accident insurance policy, plaintiff claims that such an exclusion does not exist in the business travel accident insurance policy.

The Summary Plan Description ("SPD"), which is a summary of plan terms that is given to all UBS employees who are covered by its employee benefits plan, did not mention an exclusion of benefits for losses caused by participation in the commission of a felony.

Plaintiff appealed the Review Board's decision.  She then received a letter from Claims Manager Ivette Cruz, affirming the denial of both of her claims.

The Claims

Plaintiff's First Claim requests judicial review of the denial of her benefits.  She requests $473,000 under the business travel accident insurance policy and $100,000 under the personal accident insurance policy.  Defendants do not seek dismissal of this claim.

Plaintiff's Second Claim is for reformation or other equitable relief. Plaintiff claims that her son was advised by defendants that there were only limited exclusions applicable in its employee benefits plan and that defendants never disclosed the exclusion for participation in a felony. Plaintiff asks that the court reform either or both insurance policies to remove the exclusion.

Plaintiff's Third Claim is for breach of fiduciary duty.  Plaintiff argues that by failing to provide an accurate SPD, defendants misled Younger and breached the fiduciary duties they owe him under ERISA.

**DISCUSSION**

Defendants argue that the Second and Third Claims should be dismissed because they are duplicative of plaintiff's First Claim for money damages.

<u>The Second Claim</u>

Plaintiff's Second Claim is for reformation of UBS's employee benefits plan.  Defendants argue it must be dismissed because plaintiff is seeking the same amounts of money as sought in the First Claim.  They further argue that the Second Claim must be deemed to be made under ERISA § 502(a)(1)(B), the same statutory provision that is relevant to the First Claim.

ERISA provides that an action may be brought "to recover benefits due to [a person or beneficiary] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1(B).  A civil action also may be brought by a beneficiary of an ERISA plan "(a) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (b) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."  ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

In <u>Cigna Corp. v. Amara</u>, 131 S.Ct. 1866 (2011), the court noted that a district court may exercise its power under ERISA § 502(a)(3) to reform the terms of an ERISA plan, in order to remedy "false or misleading" information.  131 S.Ct. at 1879.  The court held that such reformation can only take place under § 502(a)(3), not § 502 (a)(1)(B), which authorizes money damages.  <u>Id.</u> at 1878.

It is clear beyond any question that the Second Claim is distinct from the First Claim and is not duplicative.

Third Claim

Plaintiff's Third Claim is for breach of fiduciary duty pursuant to ERISA § 502(a)(3).  Plaintiff alleges that defendants breached their fiduciary duties through false representations to plaintiff and the provision of a misleading SPD that did not mention the felony exclusion. Defendants argue that plaintiff's claim for breach of fiduciary duty should be dismissed because it is a claim for money damages, which is duplicative of the First Claim, and because it complains of a misleading SPD, which makes it duplicative of the Second Claim for reformation.

In Devlin v. Empire Blue Cross and Blue Shield, 274 F.3d 76, 89 (2d Cir. 2001), the court noted that a claim for breach of fiduciary duty might be the plaintiff's only remedy if the court denied the claim for benefits under ERISA § 502(a)(1)(B).  The Second Circuit allowed the claim for breach of fiduciary duty to proceed notwithstanding the fact that the plaintiff also sought death benefits under the plan pursuant to ERISA § 502(a)(1)(B).  The court also noted that misleading statements concerning an ERISA plan may support a claim for breach of fiduciary duty under ERISA.  Id. at 88 ("When a plan administrator affirmatively misrepresents the terms of a plan or fails to provide information when it knows that its failure to do so might cause harm, the plan administrator has breached its fiduciary duty to individual plan participants and

beneficiaries.") (quoting In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig., 57 F.3d 1255, 1264 (3d Cir. 1995)).  This is because an ERISA fiduciary "has an obligation to provide full and accurate information to the plan beneficiaries regarding the administration of the plan."  Becher v. Long Island Lighting Co. (In re Long Island Lighting Co.), 129 F.3d 268, 271 (2d Cir. 1997).

Devlin makes clear that a claim for breach of fiduciary duty is not duplicative of a claim for benefits under ERISA § 502(a)(1)(B) such as the First Claim.  It is also apparent that the claim for breach of fiduciary duty relies on a legal theory that is distinct from the request for reformation in the Second Claim.

Detrimental Reliance and Actual Harm

Defendants also seek dismissal of the Second and Third Claims because they claim that plaintiff cannot establish that her son detrimentally relied on the inaccurate SPDs or suffered any actual harm as a result of the misleading SPDs.

With respect to detrimental reliance, the Amara court reasoned that detrimental reliance could be required for a claim under § 502(a)(3) based on equitable notions of estoppel, but not for a claim seeking reformation of a plan.  See 131 S.Ct. at 1881.  Here, plaintiff's complaint and papers demonstrate that she seeks reformation and does not rely on a theory of estoppel.  Thus, no detrimental reliance must be pleaded.

With respect to causation of actual harm, under <u>Amara</u>, a plaintiff must establish actual harm and causation in a claim for breach of fiduciary duty. <u>Id.</u> However, that harm "might come from the loss of a right protected by ERISA." <u>Id.</u> On the present record, the court cannot make any determination as to whether there was harm and causation within the meaning of the law.

**CONCLUSION**

For the foregoing reasons, the court denies defendants' motion to dismiss.

Dated: New York, New York
   March 26, 2012

                  Thomas P. Griesa
                  U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/12